IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL C. PARRISH,

                Petitioner,                OPINION AND ORDER

v.

                                          10-cv-076-slc[1]

JEFFREY PUGH, Warden,
Stanley Correctional Institution.

                Respondent.

---

Michael C. Parrish has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the $5 filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Because it is plain from the petition that Parrish is not entitled to relief, the petition will be dismissed.

FACTS

The following facts are drawn from the petition and the Wisconsin Court of Appeals' decision in *State of Wisconsin v. Parrish*, 2008AP563-CR(Wis. Ct. App. November 18, 2008) (unpublished decision).

Michael Parrish was convicted on September 11, 2007 in the Circuit Court for Rusk County of second-degree sexual assault of a child as a repeater. Parrish appealed his conviction to the Wisconsin Court of Appeals claiming that the trial court (1) erroneously

---

[1] Because the parties have not yet consented to a definitive role for the Magistrate in this case, Judge Conley is acting for the court for the purpose of issuing this order.

denied his motion for a mistrial, (2) did not ascertain whether Parrish knowingly, intelligently and voluntarily waived his right to testify, and (3) did not give the correct jury instructions.

On November 18, 2008, the court of appeals affirmed Parrish's conviction. The court provided the following facts:

> Parrish had sexual intercourse with Ashley P, who was fifteen years old at the time. At trial, one of the officers investigating the case was asked by the State: "Okay. And when you spoke with the defendant in jail -excuse me. When you spoke with the defendant about the case after you had spoken to Ashley, did you ask him whether Ashley had been at the house the night she was listed as a runaway?"
>
> After the officer was excused from the stand, Parrish moved for a mistrial, arguing the jail reference was prejudicial. The State responded that the reference was inadvertent, stated the fact that Parrish was in jail would not be used in the closing argument, and pointed out that Parrish was addressed in civilian clothes, was not in shackles or handcuffs, and had come in the same door to the courtroom as the public.
>
> The court noted it was true Parrish had been interviewed while in jail and there had been no motion in limine to exclude such a reference. Further, defense counsel had been" very careful in articulating" in the opening statement that there might be some evidence Parrish was imperfect. Thus, the court concluded, "I don't think it's really that prejudicial, if it's prejudicial at all. To me, I don't think it's going to affect the jury even if that caught it." The court denied the motion.

On review, the court of appeals found no abuse of discretion by the trial court in denying petitioner's request for a mistrial citing *State v. Doss*, 2008 WI 93, ¶69, 312 Wis. 2d 570,606-07, 754 N.W. 2d 150 (2008)(the court reverses a denial of a mistrial motion

2

only on a clear showing that the court erroneously exercised its discretion.)  Specifically, the court of appeals considered the trial court's reasoning, stating that the trial court articulated precisely why it did not consider the State's reference to Parrish being in jail as prejudicial.  Further, the court stated that Parrish had made no attempt to show the court abused its discretion.

Finally, the court of appeals concluded that Parrish had failed to preserve claims that the trial court (1) should have ascertained whether he knowingly, intelligently and voluntarily waived his right to testify, and (2) had not given the proper jury instructions. The court concluded that he had, therefore, waived these claims.

The Wisconsin Supreme Court denied Parrish's petition for review on February 10, 2009.

OPINION

In his petition, Parrish contends that he did not knowingly, intentionally and voluntarily waive his constitutional right to testify and that the trial court erroneously exercised its discretion by denying his motion for a mistrial after the district attorney referred to Parrish's incarceration when questioning a witness.  (He does repeat his claim that the trial court gave improper jury instructions.)

The rules governing habeas petitions provide that the petition must specify all the grounds for relief available to the petitioner and state the facts supporting each ground.  Rule 2(c) of the Rules Governing Section 2254 Cases.  The proverbial "notice pleading"

3

historically permitted in civil suits is inadequate in habeas cases, since "the petition is expected to state facts that point to a 'real possibility of constitutional error'." Advisory Committee Note to Habeas Rule 4 (quoting *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir.1970)). The petition must cross "some threshold of plausibility" before the state will be required to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks,* 76 F.3d 820, 822 (7th Cir. 1996).

A federal court may grant a writ of habeas corpus only if the petitioner shows that he is in custody in violation of the laws, treaties or Constitution of the United States. 28 U.S.C. § 2254. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the district court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the district court may dismiss a petition summarily, without requiring respondent to produce the relevant state court records, if it determines that the petition "raises a legal theory that is indisputably without merit" or contains factual allegations that are "palpably incredible." *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Even if the petitioner clears these hurdles, the court still need not examine the trial records "so long as the petitioner does not dispute that the facts reported in the state court opinions faithfully and accurately reflect the record." *Id*. When the state courts have adjudicated the merits of a petitioner's federal claim, a federal court must defer to that ruling unless the state courts applied the wrong federal standard, applied the correct federal standard in an unreasonable manner or reached a determination that is based upon an unreasonable determination of fact. 28 U.S.C. § 2254(d).

4

In his petition, Parrish has not disputed the facts found by the court of appeals, nor challenged the reasonableness of that decision, nor referred to any incorrect application of federal law.  After a review of the court of appeals' decision finding no abuse of discretion by the trial court in not declaring a mistrial, this court concludes that the decision was not an unreasonable application of federal law, nor based on an unreasonable determination of the facts.

The court of appeals also decided that Parrish waived his claim concerning the trial court's alleged failure to ascertain whether he knowingly, intelligently and voluntarily waived his right to testify.  Parrish states no facts in his petition to suggest that this decision involved an unreasonable application of law or was based on an unreasonable determination of the facts.  To the contrary, Parrish acknowledges in his petition that his "defense counsel spent a considerable amount of time addressing [his] right not to testify."  Having identified no evidence suggesting a "real possibility of constitutional error" committed in the state courts, Parrish's petition must be dismissed pursuant to Rule 4.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner.  To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).  This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. Reasonable jurists would not debate the decision that Parrish has failed to advance any grounds for habeas relief. He has presented no facts that show any real possibility that he is in custody in violation of federal law. Accordingly, the court will not issue a certificate of appealability.

## ORDER

IT IS ORDERED that

1. The petition of Michael C. Parrish for a writ of habeas corpus challenging his Rusk County conviction is DISMISSED WITH PREJUDICE under Rule 4 of the Rules Governing 2254 Cases.

2. Parrish is DENIED a certificate of appealability under 28 U.S.C. § 2253(c)(2) because he has not made a substantial showing of the denial of a constitutional right.

Entered this 10th day of June, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge